EMILY WESTCOTT

v.

GEORGE ARBUCKLE ET AL.

</div>

FORCIBLE ENTRY.—The owner of real estate which is in the peaceable possession and occupancy of another, though without right, can not enter by force against the will of the occupant and expel him therefrom without rendering himself liable as a trespasser.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding. Opinion filed March 27, 1883.

This was an action of trespass brought by appellant in the Superior Court of Cook county against appellees and one Quinlan. The declaration contains three counts; the first alleging an assault and battery; the second, the taking of plaintiff's money; and the third count alleges the entering of the plaintiff's dwelling-house by force, making a disturbance therein, and the taking and carrying away money of the plaintiff, etc.

Summons was served upon appellees, Arbuckle and Shreve,

and returned not found as to Quinlan. Arbuckle and Shreve pleaded not guilty to the whole declaration, and a special plea of justification under process to the third count. A demurrer to the special plea was sustained, and the cause was tried by a jury under the plea of the general issue, resulting in a verdict for the defendants. The court denied the plaintiff's motion for a new trial, and rendered judgment against the plaintiff for costs. She brings the case here by appeal.

Mr. FRANK BAKER, for appellant; as to what constitutes a battery, cited Waterman on Trespass, 146.

An estate of homestead can not pass by mere words, nor is a promise to give possession equivalent to a surrender, nor does such promise meet the requirements of the statute: Redfern v. Redfern, 38 Ill. 509; Conklin v. Foster, 57 Ill. 104; Paton v. Manly, 4 Bradwell, 215.

It was formerly held that a homestead was not lost by taking a lease from the grantee: Booker v. Anderson, 35 Ill. 66; Buck v. Conlogue, 49 Ill. 391; Loeb v. McMahon, 89 Ill. 487.

As to instructions: Alexander v. Mt. Sterling, 71 Ill. 366; Brush v. Fowler, 36 Ill. 53; Leindecker v. Waldron, 52 Ill. 283; Stock Yards Co. v. Ferry Co. 102 Ill. 514; Rogers v. Higgins, 48 Ill. 212.

Appellant was a necessary party to the suit, and could not be expelled under a judgment and writ against her husband: Cofoid v. Bishop, 11 Bradwell, 117; Pardee v. Lindley, 31 Ill. 174; Morrisey v. Stephenson, 86 Ill. 344.

The return of the sheriff upon the writ of restitution is conclusive upon appellee: Haskins v. Haskins, 67 Ill. 446; Freeman on Judgments, 364.

Mr. L. M. SHREVE, for appellees.

WILSON, J. Of the various grounds urged by appellant for a reversal of the present judgment, it is necessary to consider but one. It appears from the bill of exceptions, that in September, 1878, appellant purchased with her own means a house in the city of Chicago, from one Sibley, receiving from

him a conveyance therefor with release of homestead, and immediately took possession of the same, which she has ever since retained, occupying the premises as a homestead for herself and her family, consisting of herself, her husband and their two sons. The house stood upon a leased lot, and the lease was assigned with the consent of the landlord to appellant at the time she purchased the house.

In December, 1880, appellant, at the request of her husband, M. B. Westcott, joined with him in the execution of a bill of sale of the house to appellee Arbuckle, in exchange for a stock of drugs. The bill of sale was acknowledged by appellant and her husband, but there was no release or waiver of homestead, either in the body of the instrument, or in the certificate of acknowledgment. Nor was there ever any delivery of the possession of the house, or assignment of the lease of the lot on which the house stood, by appellant to Arbuckle.

After the making of the bill of sale to Arbuckle, he executed a lease of the house to M. B. Westcott, for the term of one year from January 1, 1881, at a stipulated monthly rental. In September, 1881, Arbuckle instituted a suit of forcible detainer against M. B. Westcott and appellant, for recovery of the possession of the house for non-payment of rent. The suit was taken by appeal to the superior court, where a trial was had resulting in a judgment against M. B. Westcott, the husband, and against Arbuckle as to appellant. Upon this judgment Arbuckle sued out a writ of restitution directed to the sheriff of Cook county. The sheriff, accompanied by Arbuckle and Shreve, who was his attorney, together with several others, went to the house to execute the writ. M. B. Westcott, upon being informed by the sheriff of the object of the visit, immediately took his satchel and left.

Arbuckle and Shreve then demanded of the sheriff that he proceed in further execution of the writ by expelling appellant, and putting them in full possession of the house, which the sheriff declined to do on the ground that his writ run against M. B. Westcott only, and that he had no authority to interfere with the possession of appellant, whereupon appel-

lees and their employes attempted to enter the house by force, and, as is alleged, committed the acts complained of in the declaration in the present suit.

Thus far the facts are undisputed. There is a conflict of evidence as to the amount of force used by appellee in entering the house, and also as to the alleged assault and beating of appellant, but it is manifest from the account of the occurrence given by appellees themselves, that their acts constituted a trespass both upon the realty and the person of appellant, unless such acts were justifiable by some rule of law applicable to the facts of the case, or the relation of the parties to each other.

The forcible entry upon the lands of another, with strong hand and against the will of the owner, constitutes a trespass. A battery is defined to be " the willful touching of the person of another by the aggressor or by some substance put in motion by him. Every such battery is actionable." Waterman on Trespass, § 146; 3 Black. Com. 120; Bacon's Abridgment, Tit. Assault and Battery. As appellees were about to enter the house, appellant stood in the doorway and forbid their coming in, claiming her right of possession under the homestead laws. Disregarding her protest, Shreve pushed her aside by shoving the door against her, and forced his way in, followed by the others. It was not necessary to constitute a trespass, that he should have laid his hand upon her, although she swears he did so. To constitute a trespass both to the realty and the person of appellant, it was enough that he forced his way into the house against her will, and pushed the door against her.

Without stopping to determine what effect is to be given to the judgment in the forcible detainer suit, to which appellant was made a party defendant by Arbuckle, and in which it was sought to charge her as a party to the lease of the house to her husband, and conceding she had lost her homestead right, the question remains, can a landlord, under a lease which for any reason has become forfeited, but which contains no provision authorizing a re-entry by force, or generally can the owner of real estate, which is in the peaceable possession

and occupancy of another, though without right, enter by force against the will of the occupant and expel him therefrom, without rendering himself liable as a trespasser?

That he can not has long been the settled rule in this State. The common law right of the owner to enter and use all necessary force to obtain possession from him, who may wrongfully withhold it, has been taken away by our statute of forcible entry and detainer. The owner of real estate has a right to enter upon and enjoy his own property, if he can do so without a forcible disturbance of the possession of another; but such entry, if forcible, and against the will of the occupant is unlawful, and being unlawful, is a trespass for which an action will lie. The leading case on this subject, in this State, is Reeder v. Purdy, 41 Ill. 279, in which Mr. Justice Lawrence, after reviewing the English and American cases, says: " We state, then, after a full examination of this subject, that in our opinion the statutes of forcible entry and detainer should be construed as taking away the previous common law right of forcible entry by the owner, and that such entry must, therefore, be held illegal in all forms of action."

The application of these principles to the facts of the present case would seem to render further discussion of the subject unnecessary. Appellant was in the peaceable occupancy of the premises, claiming the right of possession under the homestead laws of this State. That she acquired a homestead right under her purchase of the house from Sibley is not disputed. It is insisted, however, that she is estopped from asserting such right by reason of her acquiescence in the acceptance by her husband of the lease of the house from Arbuckle She denies that she either authorized her husband to take the lease, or that she assented to it afterward.

The evidence in relation thereto is conflicting; but conceding that it preponderated in favor of such acquiescence, and that she had thereby waived her homestead right, and even admitting that the sheriff might, under his writ of restitution, have lawfully dispossessed appellant, it is sufficient to say that appellees, at the time of doing the acts complained of, were not acting as the servants of the sheriff, nor under his author-

ity. He stopped in the execution of his writ when he had served it upon M. B. Westcott, and expressly refused to interfere with the possession of appellant. Appellees then proceeded, of their own motion, and without any process or other lawful authority, to force their way into the house. It was therefore wholly immaterial whether or not appellant had waived her right of homestead. She was in peaceable possession, and this they had no right to forcibly disturb against her will.

We are therefore of opinion that the court erred in refusing to give instructions asked for by appellant, to the effect that if the jury believed from the evidence that the plaintiff was in the actual possession of the dwelling-house, and occupying the same as a residence, and that the defendants forcibly and against her will entered the same, the defendants thereby committed a trespass; also a like instruction, with the addition that if in making the attempt to enter, Shreve, in the presence of Arbuckle, laid his hands on the plaintiff violently, and took hold of her against her will, the defendants in so doing committed a trespass.

Instructions were also given at the instance of appellees, which were inconsistent with the principles herein above announced. To the giving and refusal of these instructions, exceptions were duly preserved. Without going further into the subject, we are of opinion that the judgment should be reversed, and the cause remanded to the court below for a new trial.

Reversed and remanded.